UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | : CIVIL ACTION NO. 3:CV-12-0097 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| B.A. BLEDSOE, Warden | : |
| Defendant | : |

**MEMORANDUM**

FILED SCRANTON
JAN 2 7 2012
PER _____ DEPUTY CLERK

**Background**

Christopher Johnson, an inmate presently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the captioned Bivens[1] styled civil rights complaint pursuant to 28 U.S.C. § 1331. Along with the filing of his complaint, Johnson has submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2). The Plaintiff names as the sole Defendant, USP-Lewisburg Warden Bledsoe. For the reasons set forth below, Johnson's request to proceed in forma pauperis will be granted, but the claims against Warden Bledsoe will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[2] and Plaintiff will be provided the opportunity to file an amended complaint.

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. Section 1915(e)(2) provides that:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough, Ashcroft v. Iqbal, 556 U.S. 662 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

**Factual Allegations**

Johnson's complaint, states in toto:

> My telephone calls has [sic] been took for over a few years and then my phone calls ended up getting took from me for over 10-years. I've been here at USP-Lewisburg for almost 3 years now and they've never allowed me once to talk to family and friends by phone. Warden B.A. Bledsoe is at fault.

(Doc. 1, complaint). For relief, Plaintiff seeks damages, as well as "to receive [his] phone back, so [he will] be able to talk to [his] family and friends." Id.

**Discussion**

A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988) (Nealon, J.). In order to prevail on a claim made under § 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the

person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).

Moreover, claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

An application of the above standards to Johnson's complaint clearly shows that he has failed to set forth a cognizable claim against Warden Bledsoe. Plaintiff alleges only that Warden Bledsoe is "at fault". Such allegation appears to impose liability on Bledsoe merely as a result of his position, as there is no allegation that he was personally involved in depriving Plaintiff of his phone calls. Thus, it is apparent that Plaintiff is attempting to impose liability on the basis of respondeat superior.

Additionally, the Court of Appeals for the Fifth Circuit in Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1983), recognized that prisoners enjoy no right to unlimited telephone use. See also Benzel v. Grammar, 869 F.2d 1105, 1110 (8th Cir. 1989) (a prison policy which denied phone privileges to inmates housed in administrative detention did not violate the Constitution since the policy furthered internal security and rehabilitation concerns); von Vital v. Dragovich, Civil No.

3

99-1669, slip op. at 3 (M.D. Pa. December 23, 1999) (Conaboy, J.) (concluding that an inmate should reasonably expect that his placement in administrative detention would cause curtailment of telephone privileges).

The Court of Appeals for the Third Circuit previously established that in order to assert a viable claim of telephone deprivation, an inmate must make some showing of prejudice or actual injury. Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir. 1989). More recent decisions have concluded that where an inmate has available, alternative means of communicating with the outside world, i.e., mail privileges, a § 1983 action alleging improper denial of telephone access was subject to dismissal. Acosta v. McGrady, 1999 WL 158471 *7 (E.D. Pa. 1999) (determining that a prisoner has a constitutional right to use a telephone only if no other reasonable means of communication are available); Pittsley v. Ricks, 2000 WL 362023 *5 (N.D. N.Y. 2000); Ingalls v. Florio, 968 F. Supp. 193, 203 (D. N.J. 1997).

Johnson does not allege that he lacked alternative means as required under Acosta. With respect to the Peterkin requirement of alleging actual injury, Johnson contends that his phone restriction interfered with his ability to maintain family ties. However, it is unclear from the allegations if Plaintiff was afforded the ability to send out written communications and/or afford postage.

Thus, based upon the above legal standards, any claims against the Defendant named in this action are subject to dismissal in that Johnson fails to set forth any allegations against him in the complaint. He does not assert how Defendant Bledsoe participated in the denial of his right to telephone privileges, the reasons for the denial, and if he was afforded an alternate means of communication. Without more specificity, it is impossible to find that Defendant played any role

in the deprivation of Johnson's constitutional rights. Accordingly, based on the present complaint, Johnson's § 1331 complaint against Defendant Bledsoe will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim upon which relief may be granted against him. Although the complaint as filed fails to state a cause of action against Defendant Bledsoe, it is possible that the deficiencies may be remedied by amendment. Consequently, he will be granted twenty (20) days to file an amended complaint.

If Johnson opts to amend, his amended complaint should be short and plain, see FED. R. CIV. P. 8(a), and must aver what each individually named defendant did that led to a deprivation of his constitutional and/or other federal rights. Iqbal, 129 S.Ct. at 1948–49. Johnson is also advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Johnson's failure to timely file an appropriate amended complaint will result in the dismissal of this action.

A separate Order will be issued.

Dated: January 27, 2012

_____
**United States District Judge**