UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER M. JOHNSON,     :   CIVIL ACTION NO. 3:CV-12-0097
                                  :
          Plaintiff             :   (Judge Nealon)
                                  :
      v.                        :

**FILED**
**SCRANTON**

B.A. BLEDSOE, Warden        :

APR **1 0** 2013

          Defendant       :

PER ⟶ _____
                 DEPUTY CLERK

**MEMORANDUM**

## Background

     Christopher Johnson, a former inmate, confined in the United States Penitentiary, Lewisburg

("USP-Lewisburg"), Pennsylvania,[1] filed the above captioned <u>Bivens</u>[2] styled civil rights complaint

pursuant to 28 U.S.C. § 1331. Plaintiff names as the sole Defendant, USP-Lewisburg Warden

Bledsoe. He alleges that Defendant Bledsoe violated his constitutional rights by suspending his

telephone privileges and preventing him from talking to his family and friends by phone. (Doc. 8,

Amended Complaint). For relief, Plaintiff seeks damages, as well as use of the telephone. <u>Id</u>.

     On May 30, 2012, Defendant filed a motion to dismiss or, in the alternative, for summary

judgment. (Doc. 20). On June 13, 2012, Defendant filed a statement of material facts and

supporting brief. (Docs. 22-23).

---

1. On March 22, 2013, mail was returned to the Court, indicating that the Plaintiff was released
from USP-Lewisburg, and prison officials were unable to forward. (Doc. 49).

2. <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).
<u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally
protected interest could invoke the general federal question jurisdiction of the district court to obtain
an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438
U.S. 478, 504 (1978).

On July 5, 2012, Plaintiff filed a motion for a sixty (60) day enlargement of time within which to file a brief in opposition to Defendant's pending motion. (Doc. 25). By Order dated August 31, 2012, Plaintiff was granted until September 10, 2012 to file a brief in opposition. (Doc. 34).

On February 25, 2013, upon Plaintiff's failure to file a brief in opposition to Defendant's pending motion, as previously directed, this Court ordered Plaintiff to file a brief in opposition to Defendant's motion to dismiss or, in the alternative for summary judgment, on or before March 15, 2013. (Doc. 44).

On March 6, 2013, Plaintiff sought another sixty (60) day enlargement of time within which to oppose Defendant's motion. (Doc. 47).

By Order dated March 11, 2013, the Court, having found that Plaintiff failed to demonstrate "good cause" for an enlargement of time pursuant to Federal Rule of Civil Procedure 6(b), denied Plaintiff's motion, and directed that the original briefing date of March 15, 2013, remain in effect. (Doc. 48). To date, no communication from Plaintiff has been received by this Court.

**Discussion**

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at

2

> common law .... It has been expressly recognized in Federal Rule of Civil Procedure
> 41(b) ....

Id. at 629-30. When determining whether to dismiss an action for a plaintiff's failure to prosecute

under Rule 41(b), the district court must balance the six (6) factors set forth in Poulis v. State Farm

Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by
> the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)
> whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness
> of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the
> meritoriousness of the claim or defense.

Id. at 868.[3]

In Stackhouse, the Third Circuit Court of Appeals held that a district court should not dismiss

a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring

a response to a dispositive motion without examining the merits of the complaint. Stackhouse v.

Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). But, the Court of Appeals did not vitiate the

Supreme Court's decision in Link, Rule 41(b) of the Federal Rules of Civil Procedure, or the

inherent power of the district court to impose the sanction of dismissal for failing to comply with a

court order. See id. at 30.

The instant motion to dismiss has been pending since May 30, 2012. (Doc. 20). Plaintiff has

had more than ten (10) months to file a brief in opposition to the pending motion and has been

directly ordered to file an opposition brief on three occasions. (Docs. 34, 44, 48). He has failed to

comply with these orders. Accordingly, his complaint may be dismissed pursuant to Rule 41(b). See

---

3. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964
F.2d 1369, 1373 (3d Cir. 1992); C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683,
696 (3d Cir. 1988).

Binkley v. Rendell, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (Rambo, J.) (concluding that the plaintiff's dilatoriness of less than one month in filing a brief in opposition outweighed any of the other considerations set forth in Poulis); Sullivan v. Columbia County Prison, 2012 U.S. Dist. LEXIS 47304 (M.D. Pa. 2012) (Nealon, J.) (finding that after approximately two months, the plaintiff's dilatoriness in filing an opposition brief outweighed any of the other considerations set forth in Poulis, and dismissing the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order). Because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed.

A separate Order will be issued.

Dated: April 10, 2013

United States District Judge

4